[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

———————————————

No. 24-11521

Non-Argument Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LAWRENCE VAN BRASWELL, JR.,

Defendant-Appellant.

———————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:10-cr-00047-VMC-AEP-1

———————————————

Before JORDAN, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Lawrence Van Braswell, Jr., appeals his sentence of 60-months' imprisonment following the revocation of his term of supervised release. Braswell argues that his sentence must be vacated because the district court violated his right to due process by admitting hearsay testimony at the revocation hearing, miscalculated the guideline range of his concurrent 36-month sentence, erroneously considered the need to provide punishment in determining the revocation sentence, and failed to assign due weight to mitigating sentencing factors. After careful review, we affirm the revocation of Braswell's supervised release and the revocation sentence.

## I.    FACTUAL AND PROCEDURAL HISTORY

In 2010, Braswell was indicted in the Middle District of Florida on four counts of distributing a substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1), and four counts of possessing a gun as a felon, in violation of 18 U.S.C. § 922(g)(1). Braswell ultimately pled guilty to one of the drug charges (Count I) and one of the gun charges (Count VII). Braswell's Presentence Investigation Report correctly classified Count I as a "Class B Felony" and Count VII as a "Class A Felony," yielding a total offense level of 31, and placed Braswell in criminal-history category VI. Braswell was sentenced to 180-months' imprisonment, followed by 72 months of supervised release as to Count I and 60 months of supervised release as to Count VII, with the supervised-release terms

24-11521                Opinion of the Court                3

set to run concurrently.  The conditions of Braswell's supervised release included, in relevant part, that he "shall not purchase, possess, use, distribute, or administer any controlled substance" and that he "shall participate in a substance abuse program."

After serving his term of imprisonment, Braswell began his supervised release on March 13, 2023.  Just over a year later, the U.S. Probation Office filed a superseding petition for a summons, alleging that Braswell had violated the terms of his supervised release the following eight times: on January 24, 2024, Braswell possessed and sold crack cocaine to an agent of the Pinellas County Sheriff's Office (Violations One and Three); on January 29, 2024, Braswell possessed, and sold crack cocaine to an agent of the Pinellas County Sheriff's Office (Violations Two and Four); on April 12, 2024, Braswell possessed crack cocaine (Violation Five); Braswell failed to participate in a drug aftercare treatment program (Violation Six); and Braswell tested positive for marijuana and methamphetamines (Violations Seven and Eight).[1]

---

[1] Under the Sentencing Guidelines, there are three grades of supervised-release violations:

> (1) Grade A Violations--conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device of a type described in 26 U.S.C. § 5845(a); or (B) any other federal, state, or local offense punishable by a term of imprisonment exceeding twenty years;

On May 7, 2024, the district court conducted a revocation hearing. Braswell admitted to Violations Six through Eight—the Grade C violations—but contested the remaining allegations. The government called the following three witnesses at the hearing: Detectives Angelo Terrasi and Edward Donohue of the Pinellas County Sheriff's Office, and Carlos Silva of the United States Probation Office. Detective Terrasi testified that, while working undercover, he purchased crack cocaine from Braswell on January 24 and January 29, 2024. Terrasi conducted a field test on the substances he purchased on both days, with each testing positive for cocaine. Terrasi said these results were later confirmed by lab testing. The government also introduced a surveillance photo of Braswell from the day of the first purchase and Braswell's Cash App profile, which was registered under the phone number he gave to Terrasi. Braswell objected to Terrasi's testimony, arguing that Terrasi's identification of the substance as cocaine was based on unreliable hearsay and that the government violated the Confrontation

---

(2) Grade B Violations--conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year;

(3) Grade C Violations--conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.

U.S.S.G. § 7B1.1(a). Probation classified Violations One and Two as "Grade A" violations, Violations Three through Five as "Grade B" violations, and Violations Six through Eight as "Grade C" violations.

Clause by failing to produce the lab technician who conducted the tests to testify. These objections were overruled.

Detective Donohue testified next, explaining he contacted Braswell on April 12 via the phone number Braswell gave to Terrasi, asking for "80 hardware" and "beans"—crack cocaine and MDMA, respectively. He said Braswell told him to come to "4425 18th street north." Donohue recounted that, upon arriving at that address, he arrested Braswell and found a clear bag with a white substance in Braswell's right hand. Donohue said he field tested the substance, which came back positive for cocaine. Silva's testimony confirmed that the phone number and address Braswell gave the detectives matched the information Probation had on file for Braswell at the relevant time.

In his closing statement, Braswell argued that the government had failed to prove by a preponderance of the evidence that he possessed and sold crack cocaine. In his view, the detectives' testimony was necessarily unreliable because the court had failed to conduct the relevant balancing test for admitting hearsay testimony at sentencing, *see United States v. Frazier*, 26 F.3d 110 (11th Cir. 1994), and the field tests were insufficient to prove the nature of the substance. The district court rejected that argument and found Braswell guilty as to all alleged violations.

The district court then calculated the sentencing guidelines based on Braswell's criminal-history category of VI and commission of a Grade A violation. *See* U.S.S.G. § 7B1.1(b) ("Where there is more than one violation of the conditions of supervision, or the

violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade."). Believing that both Counts I and VII were "Class A" felonies, the district court calculated the initial guideline range for both counts as 51-to-63 months. *See id.* § 7B1.4(a)(2). The district court then adjusted the range for each count to reflect the statutory maximums—36 months and 60 months, respectively—yielding an adjusted guideline range of 36 months as to Count I and 51-to-60 months as to Count VII. After doing so, the district court asked for objections to its calculation; neither party objected.

The district court ordered that Braswell's supervised release be revoked and sentenced Braswell to a term of imprisonment of 36 months as to Count I and 60 months as to Count VII, running concurrently. The district court explained its sentencing decision to Braswell on the record:

> Why did I sentence you as I did? It's -- I mean, no sooner are you released that you engage in this kind of conduct. I mean, I'm really sorry to see this, Mr. Braswell, because I only hope the best for you and that you could move forward without engaging in the kind of activity that had been something you had done before you went to jail in 2011. So I don't know what to say other than I think this is really the punishment that's warranted. And hopefully as you get older, you do your time, and you will not go back to this kind of activity.

Braswell then objected "to the procedural and substantive unreasonableness of the sentence" and reiterated his "previous

arguments concerning the grade of the violation, and . . . the confrontation and hearsay issues."

Braswell timely appealed his revocation sentence. While this appeal was pending, the Supreme Court granted certiorari in *Esteras v. United States*, 145 S. Ct. 413 (2024) (mem.), to clarify the factors that a district court may consider in deciding whether to revoke supervised release. We held this appeal in abeyance pending the issuance of an opinion in *Esteras*. With that case now decided, *see Esteras v. United States*, 606 U.S. ----,145 S. Ct. 2031 (2025), and after reviewing the parties' supplemental filings on *Esteras*, we now adjudicate Braswell's appeal.

## II.　　STANDARDS OF REVIEW

We generally review a district court's decision to revoke supervised release for an abuse of discretion. *Frazier*, 26 F.3d at 112. Likewise, we review preserved challenges to evidentiary rulings, as well as those to the substantive or procedural reasonableness of a sentence, for an abuse of discretion. *See United States v. Diamond*, 102 F.4th 1347, 1353 (11th Cir. 2024); *United States v. Mazarky*, 499 F.3d 1246, 1248 (11th Cir. 2007). Erroneous evidentiary rulings remain subject to harmless-error review, under which we examine the error "for its prejudicial effect, considering whether it resulted in an unfair trial for the defendant." *United States v. Leonard*, 4 F.4th 1134, 1144 (11th Cir. 2021).

But sentencing and evidentiary issues raised for the first time on appeal are reviewed only for plain error. *United States v. Steiger*, 107 F.4th 1315, 1320 (11th Cir. 2024); *United States v. Gresham*, 325

F.3d 1262, 1265 (11th Cir. 2003).  Under plain-error review, a defendant challenging his sentence must demonstrate (1) that the district court erred; (2) that the error was "plain"; (3) that the error affected the defendant's substantial rights; and, if the first three conditions are met, (4) that the error seriously affected the "fairness, integrity, or public reputation of judicial proceedings." *Steiger*, 107 F.4th 1315, 1320.

## III.    ANALYSIS

On appeal, Braswell contests his revocation sentence based on three grounds.  First, Braswell argues that the district court violated his due-process rights at the revocation hearing by admitting testimonial hearsay without conducting the required balancing test or determining that the testimony was reliable.  Second, Braswell maintains that his revocation sentence is procedurally unreasonable because the district court miscalculated his guideline range as to Count I.  Third, he attacks the substantive reasonableness of that sentence, asserting that the district court based its sentence on an irrelevant factor and failed to assign due weight to mitigating circumstance.  We address each issue in turn.

### A.    Braswell's Due-Process Challenge

We begin with Braswell's due-process challenge to the admission of hearsay testimony about the results of the lab tests, which confirmed that the substances Braswell sold Detective Terrasi on January 24 and 29 were cocaine.  The Federal Rules of Evidence, which generally prohibit the introduction of hearsay statements at trial, *see* Fed. R. Evid. 802, do not apply in revocation

proceedings, *Frazier*, 26 F.3d at 114.  Even so, the admissibility of hearsay during revocation proceedings is "not automatic," and defendants are entitled to certain minimal due-process requirements, including "the right to confront and cross-examine adverse witnesses." *Id.*  In deciding whether to admit hearsay evidence, "the court must balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation.  In addition, the hearsay statement must be reliable." *Id.*

Here, the district court did not expressly conduct a *Frazier* balancing test despite admitting Detective Terrasi's hearsay statements about the lab results.  Such error, however, remains harmless unless Braswell can "show '(1) that the challenged evidence is materially false or unreliable, and (2) that it actually served as the basis for the sentence.'" *United States v. Taylor*, 931 F.2d 842, 847 (11th Cir. 1991) (quoting *United States v. Reme*, 738 F.2d 1156, 1167 (11th Cir. 1984), *cert. denied*, 471 U.S. 1104 (1985)).  Here, Braswell does not even seek to make that showing.  Instead, Braswell argues that the government bears the burden of demonstrating the error is harmless.  This argument misreads our precedent.

*Taylor* explicitly held that "the defendant bears the burden of showing that the court explicitly relied on" unreliable information. *Id.* at 847 (emphasis omitted).  Braswell nonetheless focuses on a passage from *Frazier* in which this Court excused the district court's failure to conduct the balancing test as harmless error "because the properly considered evidence overwhelmingly demonstrated" that

the defendant committed the alleged violation. *Frazier*, 26 F.3d at 114. But nothing in *Frazier* abrogates the burden set in *Taylor*: at most, *Frazier* reinforces *Taylor's* recognition that we can independently affirm a revocation sentence where the government has offered sufficient non-hearsay evidence to "support the judge's decision to revoke probation" and the sentence.[2] *Taylor*, 931 F.2d at 848 (first citing *Reme*, 738 F.2d at 1167; then citing *United States v. Clements*, 634 F.2d 183, 186 (5th Cir. Jan. 1981)). Still, to the extent these cases do conflict, our prior-precedent rule dictates that *Taylor*, as the earlier-decided case, must control. *See United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) ("Under the prior precedent rule, we are bound to follow a prior binding precedent 'unless and until it is overruled by this court en banc or by the Supreme Court.'" (quoting *United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003))).

Here, Braswell has made no attempt to meet his burden of showing the lab results were "materially false or unreliable." *Taylor*, 931 F.2d at 848. But even if he had, we are satisfied that the remaining evidence—including Terrasi's testimony that he approached Braswell while working undercover in a high-crime area, asked Braswell for cocaine, and was sold a substance that field-tested positive for cocaine—was sufficient to establish by a

---

[2] Braswell replies that these cases are distinguishable because "*Taylor* doesn't recognize a right to confront and cross-examine adverse witnesses." That is incorrect. *See Taylor*, 26 F.3d at 848 (holding "the district court neither violated Taylor's sixth amendment right of confrontation nor explicitly relied on the hearsay evidence").

preponderance that Braswell did, in fact, sell Terrasi cocaine in violation of the terms of his supervised release. *See United States v. Baggett*, 954 F.2d 674, 677 (11th Cir. 1992) (noting our Circuit's "expansive view that the identification of a controlled substance can be established by . . . circumstantial evidence"). We thus conclude that the district court's admission of hearsay testimony was harmless.

### B.    Procedural Reasonableness

Next, Braswell argues that his revocation sentence is procedurally unreasonable because the district court miscalculated the guideline range for Count I. Because Braswell did not specifically object to the calculation of the sentencing guidelines at the revocation hearing, we review this issue only for plain error. *See United States v. Carpenter*, 803 F.3d 1224, 1237 (11th Cir. 2015).

Braswell contends, and the government does not dispute, that the guideline calculation was incorrect as to Count I. The district court went awry by mischaracterizing Count I as a Class A felony. Because Count I is a Class B felony, the correct guideline range is 33-to-41 months which, upon adjusting for the 36-month statutory maximum, becomes 33-to-36 months. *See* U.S.S.G. § 7B1.1(a). The district court's calculation of the adjusted guideline for Count I as "36 months" was therefore an "obvious error." The government, however, maintains that Braswell has not met his burden on plain-error review because the miscalculated guideline did not affect his substantial rights.

12                    Opinion of the Court                    24-11521

To establish a violation of substantial rights, as is necessary for plain error, *see Steiger*, 107 F.4th at 1320, a criminal defendant must show there is a "reasonable probability that, but for the error, the outcome of the proceeding would have been different," *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016) (quotation omitted).  A "court's reliance on an incorrect range in most instances will suffice to show an effect on the defendant's substantial rights." *Id.* at 201.  Notwithstanding that "general rule[,] . . . [d]etermining whether the use of an improper guidelines range affected a defendant's substantial rights requires us to consult the record and consider the circumstances holistically."  *United States v. Thomas*, 108 F.4th 1351, 1357 (11th Cir. 2024).  For example, the Supreme Court has recognized that a guideline miscalculation may be excused where the district court makes "clear" that it "based the sentence . . . selected on factors independent of the Guidelines." *Molina-Martinez*, 578 U.S. at 200.

The circumstances of this case undercut any reasonable probability that Braswell's term of imprisonment would have been different but for the calculation error.  *See United States v. Corbett*, 921 F.3d 1032, 1040 (11th Cir. 2019) (noting "'unusual circumstances' might prevent an error alone from establishing a reasonable probability of a different outcome" (quoting *Molina-Martinez*, 578 U.S. at 201)).  Unlike in *Molina-Martinez*, multiple counts and guideline ranges are at issue here. *Cf. Molina-Martinez*, 578 U.S. at 194–97.  Recall that Braswell was given a concurrent sentence of 36 months on Count I and 60 months on Count VII.  At the revocation hearing, the district court explained on the record that it believed

60-months' imprisonment—the statutory maximum for Count VII—"was the appropriate sentence here" in light of Braswell's criminal history and prompt recidivism. Braswell does not dispute that the calculation of the guideline range as to Count VII was correct.

We have long recognized that, when "a defendant is given concurrent sentences on several counts and the conviction on one count is found to be valid, an appellate court need not consider the validity of the convictions on the other counts." *United States v. Bradley*, 644 F.3d 1213, 1293 (11th Cir. 2001) (quoting *United States v. Fuentes-Jimenez*, 750 F.2d 1495, 1497 (11th Cir. 1985); *see also United States v. Campa*, 529 F.3d 980, 1018 (11th Cir. 2008) (applying concurrent-sentence doctrine to sentencing errors). Because "any error in the calculation of [Braswell's] concurrent sentence for [Count I] is irrelevant to the time he will serve in prison," *Campa*, 529 F.3d at 1018 (internal quotation omitted), we conclude that the error had no effect on Braswell's substantial rights,[3] *cf. United States*

---

[3] Resisting this conclusion, Braswell invokes our "sentencing-package doctrine," which affords us "broad discretion to fashion an appropriate mandate on remand after the vacatur of a sentence," including resentencing on all counts. *United States v. Martinez*, 606 F.3d 1303, 1304 (11th Cir. 2010); *see also United States v. Fowler*, 749 F.3d 1010, 1016 (11th Cir. 2014) ("We have adopted a holistic approach to resentencing, treating a criminal sentence as a package of sanctions that *may* be fully revisited upon resentencing." (alterations adopted) (quoting *Martinez*, 606 F.3d at 1304 (11th Cir. 2010))). This argument begs the question that remand and vacatur are, in fact, required. Because we are satisfied "that the error did not affect the district court's selection of the

14                   Opinion of the Court                   24-11521

*v. Allgire*, 946 F.3d 365, 368 (7th Cir. 2019) (Barrett, J.) ("[E]ven if imposing the [shorter] concurrent sentence was a plain error, . . . [the defendant] certainly cannot show that the error affected the length of his imprisonment. . . . That is not enough to satisfy plain error's substantial-rights prong."). We therefore decline to vacate Braswell's sentence on this ground.

### C.    Substantive Reasonableness

Finally, we address Braswell's remaining argument—the substantive reasonableness of his revocation sentence. We generally review substantive reasonableness for abuse of discretion, meaning we will disturb the sentence only if the district court "(1) fail[ed] to afford consideration to relevant factors that were due significant weight, (2) [gave] significant weight to an improper or irrelevant factor, or (3) commit[ed] a clear error of judgment in considering the proper factors' unreasonably." *United States v. Lusk*, 119 F.4th 815, 830 (11th Cir. 2024) (quoting *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc))). On appeal, Braswell challenges the substantive reasonableness of his sentence on the grounds that the district court improperly factored "'punishment' for the supervised release violation" into its revocation decision and that it failed to assign due weight to relevant mitigating factors. Braswell only preserved the latter objection, so we review each separately under the applicable standard.

---

sentence imposed," we conclude neither remedy is warranted here. *Williams v. United States*, 503 U.S. 193, 203 (1992).

### 1.    Whether the District Court Considered an Improper Sentencing Factor.

Braswell argues that the district court considered an improper factor by stating that the sentence "was necessary 'punishment' for the supervised release violation." Because Braswell did not raise this specific objection before the district court, we review only for plain error. *See United States v. Zinn*, 321 F.3d 1084, 1087 (11th Cir. 2003).

In 18 U.S.C. § 3583(e), Congress enumerated several sentencing factors from § 3553(a) that a court must consider in determining whether to revoke a term of supervised release. *See* 18 U.S.C. § 3583(e)(3). Conspicuously missing from this list is any reference to the factors listed in § 3553(a)(2)(A), which account for "the need for the sentence imposed to 'reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense,'" in determining whether to revoke a sentence of supervised release. *Id.* § 3553(a)(2)(A); *see also Tapia v. United States*, 564 U.S. 319, 326 (2011) (characterizing the purpose of these factors as "retribution"). The Supreme Court recently clarified in *Esteras* that this omission necessarily bars district courts from considering the § 3553(a)(2)(A) factors in the revocation context. *Esteras*, 145 S. Ct. at 2045–46. Section 3553(a)(2)(A), however, "does not speak of retribution generally" and only reaches "the need to exact retribution for the defendant's *underlying crime*." *Id.* at 2040 (emphasis added). So *Esteras* does not directly answer the issue presented

here—i.e., whether retribution for the *violation of the conditions of the supervised release* can factor into the revocation decision.[4]

To bridge that doctrinal gap, Braswell argues that *Esteras* stands for the broader proposition that retribution—in general—"should play no role in revocation hearings." *See id.* at 2046 (Sotomayor, J., concurring in the judgment). The government responds that punishment for the violation remains a necessary component of the revocation analysis because courts must consider any pertinent policy statements issued by the Sentencing Commission, *see* 18 U.S.C. § 3583(e); *id.* § 3553(a)(5), including its statement recognizing that the sentence imposed upon revocation is intended to "sanction" the defendant's failure to abide by the conditions of his

---

[4] We are skeptical that the district court's passing characterization of the sentence as "the punishment that's warranted" made it "'clear' or 'obvious' that the district court actually relied on" retributive considerations in the first place. *Esteras*, 145 S. Ct. at 2045 (internal quotation marks omitted). Although such language mirrors one of the prohibited retributive factors, *see* 18 U.S.C. § 3553(a)(2)(a) ("to provide just punishment for the offense"), "punishment" is commonly used to describe a criminal sentence in general, irrespective of its underlying purpose, *see, e.g.*, *Punishment*, *Black's Law Dictionary* (10th ed. 2014) ("A sanction—such as a fine, penalty, confinement, or loss of property, right, or privilege—assessed against a person who has violated the law."); *Sentence*, *Black's Law Dictionary*, *supra* ("[T]he punishment imposed on a criminal wrongdoer."); *United States v. Charles*, 129 F.4th 1334, 1339 (11th Cir. 2025) ("A 'sentence' refers to the full panoply of punishments imposed for a crime." (alteration adopted) (quotation omitted)). We need not, however, decide whether the district court's use of the word "punishment" is sufficient to give the "unmistakable implication" that the district court factored retribution into its sentence, *Esteras*, 145 S. Ct. at 2045, since Braswell fails to show plain error regardless.

supervised release and for the resultant "breach of trust." U.S. Sentencing Comm'n, *Guidelines Manual* ch. 7, pt. A, intro. 3(b), at 508–09 (2024).

The *Esteras* majority expressly declined to weigh in on whether "retribution for the violation of the conditions of the supervised release . . . is a permissible consideration" in revocation proceedings. *Esteras*, 145 S. Ct. at 2040 n.5 (majority opinion). Our Circuit has also not affirmatively spoken on this question, and the text of the policy statement does not explicitly foreclose those considerations either.[5] Where, as here, "the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Castro*, 455 F.3d 1249, 1253 (11th Cir. 2006). Having introduced no controlling precedent prohibiting a district court from factoring retribution for the violations of the conditions of the supervised release into its revocation decision, we conclude that Braswell has failed to show that the district court plainly erred by doing so here.

> **2.** **Whether the District Court Unreasonably Weighed the Relevant Factors.**

---

[5] For example, while the policy statement explains that revocation is intended to serve as a "sanction . . . [for] the defendant's breach of trust," rather than as the "punishment for any new criminal conduct," it does not resolve whether *punishing* that breach of trust is a permissible consideration. U.S. Sentencing Comm'n, *supra*, at 509.

Braswell also contends that the district court failed to assign significant weight to relevant mitigating factors, specifically his ten violation-free months of supervised release, open communication with the U.S. Probation Office, family support, and underlying sentence. Under the applicable abuse-of-discretion standard, we may vacate a sentence as substantively unreasonable "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [appropriate] § 3553(a) factors by arriving at a sentence . . . outside the range of reasonable sentences dictated by the facts of the case." *United States v. Woodson*, 30 F.4th 1295, 1308 (11th Cir. 2022) (quotation omitted).

Here, we conclude that the district court did not abuse its discretion in sentencing Braswell to a within-guideline sentence of 60-months' imprisonment. The district court made clear on the record that the sentence was based on the appropriate factors, including the nature of the offense, Braswell's criminal history of drug convictions, and other deterrence and rehabilitation interests. *See* 18 U.S.C. § 3583(e); *see also United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009) ("[T]he district court is not required . . . to discuss each of the [applicable] factors." (internal quotation marks omitted)). The district court was also free to weigh the aggravating aspects of Braswell's "history and characteristics" more heavily than the mitigating ones Braswell identified. *See Lusk*, 119 F.4th at 830; *see also United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007) ("[W]e cannot say that the court's failure to discuss this 'mitigating' evidence means that the court erroneously 'ignored' or failed to

consider this evidence in determining [the] sentence."). And contrary to Braswell's arguments, the district court did consider the length of Braswell's prior term of imprisonment when fashioning the sentence. We thus conclude that Braswell's revocation sentence was substantively reasonable.

## IV.  CONCLUSION

For the reasons stated, we affirm the district court's order revoking Braswell's supervised release and affirm the revocation sentence.

**AFFIRMED.**